UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HESTER,

    Plaintiff,

v.                                                           Case No. 8:10-cv-1565-T-24 MAP

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Strike Defenses. (Doc. No. 21). The Government opposes the motion. (Doc. No. 24).

**I. Background**

Plaintiff alleges the following in his amended complaint (Doc. No. 18): Plaintiff is a wheelchair-bound paraplegic who was being transported on September 3, 2008 by Dannie Dick, an agent or employee of the Department of Veterans Affairs, for the purpose of receiving medical care. Plaintiff contends that Dick was negligent in transporting him, which resulted in Plaintiff being thrown out of the wheelchair and injured when Dick had to brake suddenly in order to avoid a collision with another vehicle. As a result of this incident, Plaintiff filed suit against the Government, asserting a claim under the Federal Tort Claims Act ("FTCA").

**II. Motion to Strike**

In response to the amended complaint, the Government filed an answer and six affirmative defenses. (Doc. No. 20). In the instant motion, Plaintiff moves to strike the following four affirmative defenses: (1) that Plaintiff's recovery is barred or limited by the

provisions of Florida law on comparative negligence; (2) that Plaintiff's damages must be reduced by the amount of collateral source benefits paid or payable to Plaintiff; (3) that any damages award for future medical expenses must be offset due to the fact that the Veterans Administration ("VA") is already providing his future medical care; and (4) that the Government preserves all other defenses that it may learn of through discovery. Accordingly, the Court will address each defense at issue in this motion to determine whether any defense should be stricken.

### A. Standard of Review

Federal Rule of Civil Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)). An affirmative defense is insufficient as a matter of law, and may be stricken, "if it appears that the Defendant cannot proceed under any set of facts which it could prove." Florida Software Systems Inc. v. Columbia/HCA Healthcare Corp., 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999)(citation omitted).

### B. Comparative Negligence

In the Government's First Defense, it asserts that Plaintiff's recovery is barred or limited by the provisions of Florida law on comparative negligence. Plaintiff moves to strike this defense as insufficient as a matter of law, because the Government has not provided a factual basis for its assertion that comparative negligence applies.

The Government responds that it is not required to provide a factual basis to support the

affirmative defense, as long as Plaintiff has notice of the defense. In support of this argument, the Government cites Hassan v. U.S. Postal Service, 842 F.2d 260, 263 (11th Cir. 1988), in which the court stated that "[t]he purpose of [Federal Rule of Civil Procedure] 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."

The Court finds the Government's reliance on Hassan to be misplaced. In this case, Plaintiff is a wheelchair-bound paraplegic who was injured while being transported for medical care. The Government proffers no set of facts in which Plaintiff could be found to be comparatively negligent. As such, the Government has not met its burden of putting Plaintiff on notice as to what he may have done (or failed to do) that would cause him to be comparatively negligent. Accordingly, the Court grants Plaintiff's motion to strike this affirmative defense.

### C. Collateral Source Benefits

In the Government's Fourth Defense, it asserts that Plaintiff's damages must be reduced by the amount of collateral source benefits paid or payable to Plaintiff. Plaintiff interprets this defense as asserting that a damages award should be reduced by the amount of VA benefits he has received, and he argues that this defense must be stricken as insufficient as a matter of law. Specifically, Plaintiff argues that the collateral source rule set forth in Florida Statute § 768.76[1] (which requires the court to reduce a damages award by the amount paid for the benefit of the plaintiff, or otherwise available to the plaintiff, from collateral sources, unless the collateral source payee has a right to reimbursement or subrogation) does not apply to his VA benefits. In

---

[1]The measure of damages for FTCA claims is taken from the law of the state where the tort occurred. See Ferrero v. U.S., 603 F.2d 510, 512 (5th Cir. 1979). In this case, the alleged tort occurred in Florida, so Florida law applies to the measure of damages.

support of this argument, Plaintiff points to § 768.76(2)(b), which specifically excludes from the definition of "collateral sources" any benefits received under any federal program providing for a federal government lien on, or the right of reimbursement from, the plaintiff's recovery. Thus, argues Plaintiff without any further citation to authority (or any explanation as to how the VA program would have a lien on, or the right of reimbursement from, his damages award), his VA benefits cannot be considered to reduce the amount of a damages award. Therefore, Plaintiff argues that this affirmative defense must be stricken.

      The Government responds that the VA benefits that Plaintiff has received should be set off from any damages award, because the Government should not have to pay for the same injury twice—i.e., once via the VA benefits and once via a damages award. See <u>Shaw v. U.S.A. Veterans Administration</u>, 711 F.2d 156, 157 (11th Cir. 1983)(stating that "[s]etoff of awards received under the Federal Tort Claims Act against government benefits received under other statutes is necessary to avoid the government's 'double payment for the same injury'"). While this argument makes intuitive sense, it is really not an argument that the VA benefits are a collateral source of payment to Plaintiff, because the Government is actually arguing that the VA benefits come from *the same* source of payment as a damages award would (<u>i.e.</u>, both come from the Government). See <u>Laskowski v. Department of Veteran Affairs</u>, 2011 WL 5040953, at *2 (M.D. Pa. Oct. 24, 2011)(stating that VA benefits are not a collateral source in an FTCA lawsuit against the Department of Veteran Affairs). Therefore, the Court will strike the collateral source affirmative defense, but the Court will give the Government leave to file an amended answer to assert the defense of setoff.

**D. Future Medical Care**

In the Government's Fifth Defense, it asserts that any damages award for future medical expenses must be offset due to the fact that the VA is already providing Plaintiff's future medical care. In response, Plaintiff argues that this defense must be stricken as insufficient as a matter of law. Specifically, Plaintiff contends that the VA's obligation to provide him future medical benefits due to his prior military service is separate and distinct from its obligation to compensate him for his injuries from this incident. Further, he argues that because he "earned" the future medical benefits being provided due to his prior military service, those benefits cannot be used to offset the Government's obligation to compensate him for his injuries from this incident.

In response, the Government argues that <u>Dempsey v. U.S.</u>, 32 F.3d 1490 (11th Cir. 1994), supports its position that any damages award must be offset by the VA's provision of future medical benefits. While the court in <u>Dempsey</u> did affirm the lower court's conclusion that the plaintiffs' damages award for future medical benefits would be offset by certain future medical care being provided by the government program, CHAMPUS[2], the court also noted that the parties did not dispute the lower court's characterization of the CHAMPUS payments as not being from a collateral source. <u>See</u> <u>id.</u> at 1493 n.6, 1495.

Unlike the parties in <u>Dempsey</u>, the parties in the instant case dispute whether the VA benefits are from a collateral source. However, as previously explained, this Court is persuaded by the Government's argument that the VA benefits come from the same source of payment as a

---

[2]CHAMPUS is the Civilian Health and Medical Program of the Uniformed Services, which is a medical benefits program available to, among others, dependants of certain retired members of the armed services. See <u>Dempsey</u>, 32 F.3d at 1492, 1493.

damages award would (i.e., both come from the Government), and thus, the Court does not consider the VA benefits to be collateral source payments. As such, the Court concludes that this affirmative defense is not insufficient as a matter of law, and therefore, it should not be stricken.

### E.  Preservation of Other Defenses

In the Government's Sixth Defense, it asserts that it preserves all other defenses that it may learn of through discovery. Plaintiff argues that this is not a true affirmative defense, and as such, it should be stricken. The Government does not oppose the motion to strike this defense. Therefore, the Court grants the motion to strike it.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defenses (Doc. No. 21) is **GRANTED IN PART AND DENIED IN PART:** The motion is **DENIED** as to the Government's Fifth Defense; otherwise, the motion is **GRANTED**. However, the Government may file an amended answer, by December 16, 2011, in order to amend its affirmative defenses to assert the defense of setoff.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of December, 2011.

*[signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record