UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HESTER,

    Plaintiff,

v.                                                   Case No.  8:10-cv-1565-T-24 MAP

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on the Government's Motion to Permit Offset of Future Medical Benefits from Plaintiff's Damages Award and Motion to Exclude Evidence of the Value of Future Medical Care.  (Doc. No. 34).  Plaintiff opposes the motion.  (Doc. No. 37).

**I.  Background**

Plaintiff is a wheelchair-bound paraplegic who was being transported on September 3, 2008 by Dannie Dick, an agent or employee of the Department of Veterans Affairs, for the purpose of receiving medical care.  Plaintiff contends, and the Government concedes, that Dick was negligent in transporting Plaintiff, which resulted in Plaintiff being thrown out of the wheelchair and injured when Dick had to brake suddenly in order to avoid a collision with another vehicle.  As a result of this incident, Plaintiff filed suit against the Government, asserting a claim under the Federal Tort Claims Act ("FTCA").

**II.  Motion to Permit Offset**

In the instant motion, the Government argues that it should be allowed to entirely offset any damages awarded to Plaintiff for his future medical care because the Government provides,

and will continue to provide, him free medical care because he is a veteran. Specifically, the Government contends that if the Court does not offset the award, the Government will be paying twice for the same injury—i.e., once via the free medical care it will continue to provide to Plaintiff and once via the damages award for his future medical care.

Plaintiff opposes the motion, arguing that the courts that have addressed this specific issue have found that FTCA awards for future medical care should not be setoff by the value of the future medical care provided by the Government for free to veterans. See Molzof v. U.S., 6 F.3d 461, 467-68 (7th Cir. 1993); Feeley v. U.S., 337 F.2d 924, 934-35 (3d Cir. 1964); Ulrich v. Veterans Administration Hospital, 853 F.2d 1078, 1083-84 (2d Cir. 1988); Powers v. U.S., 589 F. Supp. 1084, 1108-09 (D. Conn. 1984); Walsh v. U.S., 2009 WL 3755553, at *4 (N.D. Okla. Mar. 31, 2009); see also Overstreet v. U.S., 528 F. Supp. 838, 845 (M.D. Ala. 1981)(while not specifically discussing setoff, the court noted that the plaintiff was entitled to free medical care as a retired servicemen and still awarded him damages for the cost of future medical care). The rationale of these courts is that the plaintiff should not be required to use the VA's medical services, and instead, the plaintiff should be allowed to choose where he receives his medical care. Likewise, the courts find that the plaintiff's past use of the VA's medical services does not ensure future use.[1] Furthermore, while the courts note that an award of future medical care without an offset may provide the plaintiff with a windfall and subject the Government to double

---

[1] Additionally, Plaintiff points out that he may not be permitted to use all of the necessary VA services and facilities. For example, he points out that he was discharged from the VA Four Season CLC facility due to his violation of certain rules there.

payment, the courts indicate that such inequity should be resolved by Congress.[2]

The Government's argument in favor of setoff is based on its contention that Plaintiff will incur no expense in obtaining the future medical care for which he seeks compensation. The flaw in the Government's argument is that if Plaintiff *chooses* to get his medical care outside of the VA, he may have to pay for such care.[3]

Additionally, the Government argues that setoff is warranted because the cost of Plaintiff's future medical care was not increased by the car accident at issue. This argument, however, should be made at trial, as it relates to the existence/amount of damages that actually resulted from the accident; it does not relate to setoff.

Accordingly, the Court finds that the Government is not entitled to a setoff for Plaintiff's future medical care. As such, the Government's motion for setoff is denied.

### III.  Motion to Exclude Evidence Regarding Future Medical Care

In the alternative, the Government moves to preclude any evidence offered by Plaintiff regarding the value of his future medical care. The Government argues that such evidence is irrelevant, because his future medical care is not compensable due to the availability of free medical care provided by the VA.

This argument is simply another attempt to achieve what the Government could not achieve in arguing for setoff. The value of Plaintiff's future medical care is compensable,

---

[2] For example, Congress has explicitly limited double recovery under 38 U.S.C. § 1151 with respect to veterans' disability payments.

[3] The Court notes that in the past, the VA has paid for some medical care by a non-VA provider. However, the Government has not indicated a blanket concession that the VA will pay for Plaintiff's medical care from a non-VA provider whenever Plaintiff wants to see a non-VA provider.

despite the availability of free medical care provided by the VA. As such, the Government's motion to exclude such evidence is denied.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that the Government's Motion to Permit Offset of Future Medical Benefits from Plaintiff's Damages Award and Motion to Exclude Evidence of the Value of Future Medical Care (Doc. No. 34) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of February, 2012.

SUSAN C. BUCKLEW<br>
United States District Judge

Copies to:
Counsel of Record